# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 1:10cv10-RJC-DLH

| UNITED COMMUNITY BANK, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| CHARLES D. McCARTHY, | ) |  |
| JENNIFER OBIORA, and | ) |  |
| VICTORIA G. SCHMEHL, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on the plaintiff's Motion for Default Judgment as to defendant Jennifer Obiora. (Doc. No. 10). For the reasons explained below, the Court will **GRANT** the plaintiff's motion.

## I. BACKGROUND

United Community Bank ("UCB") loaned Jennifer Obiora money to purchase mountainside real estate in Mitchell County, North Carolina. In consideration for the loan, Obiora executed a promissory note to UCB that contained both the interest rate for the loan and an agreement to arbitrate any disputes arising from the contract. (Doc. No. 17 at 4); (Doc. No. 1 at ¶ 8). The arbitration agreement specified that "all disputes, claims, and controversies" between the parties "shall be arbitrated pursuant to the financial services rules of Endispute, Inc. d/b/a J.A.M.S./Endispute or its successor in effect at the time the claim is filed." (Doc. No. 1 at ¶ 8).

After Obiora defaulted on her loan, UCB commenced arbitration pursuant to the arbitration clause. Obiora had a full and fair opportunity to represent her interests throughout the arbitration proceedings. On April 29, 2009, the arbitrator issued an award for UCB in the amount of $86,609.48. Subsequently, UCB filed an application in the Western District of North Carolina to

confirm the arbitrator's award. Obiora was served with timely notice of the application on January 25, 2010. Obiora failed to answer UCB's application for confirmation by the February 5, 2010, deadline and has still failed to answer. On April 19, 2010 the Clerk entered default against Obiora.

## II.     LEGAL STANDARD

Rule 55(a) states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After the clerk enters default, the party may seek a default judgment under Rule 55(b). Rule 55(b) "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Default judgments are generally disfavored in the Fourth Circuit. Tazco, Inc. v. Dir., OWCP, 895 F.2d 949, 950 (4th Cir. 1990). "Furthermore, it is recognized that default judgments are inappropriate when a party untimely files an answer or other defensive pleading by only a few days." Mitchell v. First Cent. Bank, Inc., No. 2:08cv6, 2008 U.S. Dist. LEXIS 68109, at *4 (N.D. W.Va. Sept. 8, 2008) (denying entry of default judgment when defendant did not file an answer until ten days after time expired); see Dow v. Jones, 232 F. Supp. 2d 491, 495 (D. Md. 2002) (denying entry of default when defendant filed a motion to dismiss three days late); United States v. Mraz, 274 F. Supp. 2d 750, 756 (D. Md. 2003) (denying government's motion for default judgment when defendant did not file an answer until twenty-one days after time expired).

While a court must accept a plaintiff's factual allegations as true when considering a motion for default judgment, the plaintiff must still prove that he is entitled to damages. Masco Corp. v. Bennett, No. 3:08-cv-161, 2010 U.S. Dist. LEXIS 39444, at *4 (W.D.N.C. Mar. 31, 2010). A court may award damages based on affidavits and documentary evidence. See Ancient Sun Nutrition, Inc.

2

v. Lawlor, No. 1:07cv395, 2008 U.S. Dist. LEXIS 35807, at *11 (W.D.N.C. May 1, 2008). Under North Carolina law, a plaintiff must prove his claims for damages to a reasonable certainty. State Props., L.L.C. v. Ray, 574 S.E.2d 180, 188 (N.C. Ct. App. 2002). It is not necessary that a plaintiff prove damages to "an exact dollar amount with mathematical precision." Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C., 620 S.E.2d 222, 231 (N.C. Ct. App. 2005).

### A. Default Judgment

Here, Obiora had a full and fair opportunity to represent her interests at arbitration and has yet to answer or defend UCB's application to confirm its final arbitration award. UCB served Obiora with timely notice of its Application for Confirmation of Arbitration Awards on January 25, 2010. (Doc. No. 11 at 3). UCB has presented sufficient evidence to the Court showing the validity of the arbitration award. Therefore, UCB is entitled to default judgment.

### B. Prejudgment Interest

It is within the Court's discretion to award prejudgment interest. Maksymchuk v. Frank, 987 F.2d 1072, 1077 (4th Cir. 1993). Awarding prejudgment interest "serves the legitimate goals of making a party whole, or compensating the injured party for the loss of the use of money he would otherwise have had." Marlen C. Robb & Son Boatyard & Marina, Inc., v. Vessel Bristol, 893 F. Supp. 526, 540 (E.D.N.C. 1994); see also EEOC v. Liggett & Myers Inc., 690 F.2d 1072, 1074 (4th Cir. 1982). Courts have held that a district court should apply state law when determining the rate of prejudgment interest in a case where diversity is the only ground for subject matter jurisdiction. U.S. v. Dollar Rent A Car Sys., Inc., 712 F.2d 938, 940-941 (4th Cir. 1983). North Carolina's statutory interest rate is 8% per year. N.C. Gen Stat. § 24-1; see also PCS Phosphate Co. v. Norfolk S. Corp., No. 4:05-CV-55-D, 2008 U.S. Dist. LEXIS, at *17-18 (E.D.N.C. Jan. 28, 2008); aff'd 559 F.3d 212, 223-24 (4th Cir. 2009) (affirming the trial court's assignment of 8% prejudgment interest).

"Where the underlying claim is contractual in nature . . . a party who has wrongfully withheld money from another must pay prejudgment interest." Vessel Bristol, 893 F. Supp. at 540. Under North Carolina law, when calculating prejudgment interest on a prior judgment "the legal [interest] rate may only be applied to the . . . principal amount due in the prior judgment." NCNB Nat'l Bank v. Robinson, 341 S.E.2d 364, 366 (N.C. Ct. App. 1986). North Carolina's principles of equity "dictate[] that a party should not be forced to pay interest on interest." Id.

Here, the underlying dispute that led to an arbitration award is clearly contractual in nature. Obiora contracted with UCB for a loan on which she subsequently failed to make payments. (Doc. 1 at ¶ 9). The arbitrator's award included interest on the principal amount set at the rate agreed upon in the promissory note Obiora tendered in consideration for the loan. (Doc. No. 1 at 8). The arbitrator calculated the award as follows:

| **Principal** | **Interest** | **Late Charges** | **Atty Fees** | **Paid By Developer to Obiora** |
|---|---|---|---|---|
| $118,735.83 | $20,067.20 | $881.11 | $17,810.37 | $12,000.00 |

| **Value of Lots** | **Sub-Total** | **Paid by Obiora to UCB** | **Sub-Total x ½** | **Total Award to UCB** |
|---|---|---|---|---|
| $5,000.00 | $174,494.51 | $1,275.56 | $173,218.95 | $86,609.48 |

(Doc. No. 1 at 8). The total award of $86,609.48 includes $10,033.60 in interest (one half of the $20,067.20 in interest used to calculate the sub-total, which was divided in half for the total award). Yet, the total arbitration award does not include interest that has accrued from the time of the arbitration award to the instant application for confirmation before this Court. Because the higher interest rate from the contract merged into the arbitrator's judgment, the Court will grant UCB prejudgment interest at the statutory rate of 8% from the date of the arbitration award to the present. While not bound by North Carolina law in determining the portion of the arbitrator's award to which

4

it will apply prejudgment interest, the Court finds persuasive North Carolina's equitable principle that "a party should not be forced to pay interest on interest." See Robinson, 341 S.E.2d at 366. Therefore, the Court will not grant post-award, prejudgment interest on the interest already awarded at arbitration. Rather, it will apply prejudgment interest only to the principal amount of $76,575.89 ($86,609.48 – $10,033.60).

### C. Postjudgment Interest

"In contrast to the district court's discretion in the awarding of prejudgment interest, federal law mandates the awarding of postjudgment interest." Quesinberry v. Life Ins. Co., 987 F.2d 1017, 1031 (4th Cir. 1993); see also 28 U.S.C. § 1961 (1988). The Supreme Court has stated that "the purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835 (1990). Furthermore, "awarding post-judgment interest on the entire amount the court awarded . . . including prejudgment interest, most closely comports with the purpose of postjudgment interest articulated by the Supreme Court." Quesinberry, 987 F.2d at 1031. Therefore, UCB is entitled to postjudgment interest at a rate set pursuant to 28 U.S.C. 1961 for the total arbitration award of $86,609.48.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. UCB's Motion for Default Judgment (Doc. No. 10) is **GRANTED** and the Court hereby renders judgment against Obiora in the amount of $86,609.48; and

2. UCB's prayer for prejudgment and postjudgment interest (Doc. No. 17) is **GRANTED IN PART** and **DENIED IN PART**, that is:

a. the Court awards UCB prejudgment interest at a rate of 8% per annum on the amount of $76,575.89 from April 29, 2009, the date of the arbitration award, to the present, and

b. the Court awards UCB postjudgment interest on the amount of $86,609.48 pursuant to 28 U.S.C. § 1961.

**SO ORDERED**

Signed: July 7, 2010

Robert J. Conrad, Jr.
Chief United States District Judge